# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50649
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 7, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Milton Martin Biester-Villeda,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-1912-1

———————————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Milton Martin Biester-Villeda appeals his conviction and sentence for illegal reentry after removal. He argues that 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50649

Biester-Villeda has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). He seeks to preserve the issue for possible Supreme Court review. We have held that subsequent Supreme Court decisions such as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Thus, Biester-Villeda is correct that his argument is foreclosed.

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Biester-Villeda's motion is GRANTED, and the district court's judgment is AFFIRMED.